UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALBERT OLIVER,

                            Plaintiff,

            -against-

AYESHA PUNTER, MERIDITH LAFLER, Support
Magistrate; HARMON LUTZER, Attorney;
STEVE BELLONE, Suffolk County Executive;
SCCSEB,

                         Defendants.
------------------------------------------------------------------X

**ORDER**
22-CV-3580(GRB)(LGD)

FILED
CLERK
1:35 pm, Aug 10, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge:**

On June 16, 2022, *pro se* plaintiff Albert Oliver ("plaintiff") filed a complaint in this Court against Ayesha Punter ("Punter"), Meridith Lafler ("Lafler"), Harmon Lutzer ("Lutzer"), Suffolk County Executive "Steve Bellone" ("Bellone"), and "SCCSEB"[1] (collectively, "defendants") using the Court's form for civil rights actions brought pursuant to 42 U.S.C. § 1983. *See* Docket Entry "DE" 1. Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") together with the complaint. DE 2.

Upon review, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee. Accordingly, plaintiff's application to proceed IFP is granted. However, for the reasons that follow, the complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. §§ 1915(e)(2)(B).

## BACKGROUND

**1. Summary of the Complaint[2]**

---

[1] The Court understands this to reference the Suffolk County Child Support Enforcement Bureau.

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

*Pro se* plaintiff's brief submission seeks to challenge an underlying state court child support proceeding. According to the complaint, at the Family Court building located in Central Islip, New York:

> On April 26, 2022 both Support Magistrate Meridith Lafler and Attorney Harmon Lutzer held a support hearing without following the rules of Due Process. On May 25, 2022, Support Magistrate Meridith Lafler disregarded Due Process by not following the rules of Due Process.

DE 1 at 5, ¶ III. Although plaintiff left the space on the form complaint that calls for a description of any injuries suffered as a result of the challenged conduct blank, he seeks to recover a monetary damages award in the sum of $240,222.00 as well as an order terminating any debts or arrears owed and the return of funds he already paid together with 6% interest. *Id*. at 6, ¶¶ IV-V. Plaintiff also requests that the defendants "[l]eave me alone from this forthwith." *Id.* at ¶ V.

## LEGAL STANDARDS

The Second Circuit has established a two-step procedure wherein the district court first considers whether plaintiff qualifies for *in forma pauperis* status, and then considers the merits of the complaint under 28 U.S.C. § 1915(e)(2). *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

1. *In Forma Pauperis*

Upon review of the IFP application, the Court finds that plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. Therefore, the application to proceed IFP (DE 2) is granted.

2. **Sufficiency of the Pleadings**

As Judge Bianco summarized,

> A district court is required to dismiss an *in forma pauperis* complaint if the action

2

is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ].'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678 (citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

*Patrick v. Bronx Care*, No. 14-CV-7392 (JFB)(AKT), 2014 WL 7476972, at *1-2 (E.D.N.Y. Dec. 31, 2014).

## DISCUSSION

Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

3

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *See id*. The Court analyzes plaintiff's Section 1983 claims below.

## I.     Lack of State Action

"[P]rivate individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law." *Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013). Although plaintiff names Punter and Lutzer as defendants, he has not alleged that either defendant is a state actor or has otherwise acted under color of state law. *See* DE 1, *in toto*. Accordingly, plaintiff has not plausibly alleged a Section 1983 claim against Punter and Lutzer and these claims are thus dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

## II.    Lack of Personal Involvement

Plaintiff's sparse complaint does not include any factual allegations of conduct or inaction attributable to any of the defendants. Indeed, apart from the caption and "Parties" section of the complaint, Punter, Bellone, and SCCSEB are not again mentioned. *See* DE 1, *in toto*. Moreover, plaintiff has alleged only that Lafler and Lutzer "held a Support Hearing without following the rules of Due Process." *Id.* at 5, ¶ III.C.

"[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir.

4

2010) (internal quotations marks omitted). "[B]ald assertions and conclusions of law" are insufficient to establish personal involvement. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). Moreover, an individual will not be held liable by virtue of his or her supervisory position alone. *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977). Rather, as the Second Circuit Court of Appeals recently made clear, "there is no special rule for supervisory liability" and, in order "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d. 609, 620 (2d Cir. 2020). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199, 201 (2d Cir. 2010) (summary order).

Here, as is readily apparent, Plaintiff has omitted any factual allegations of conduct or inaction attributable to any defendant and his "bald assertions and conclusions of law" do not suffice. Thus, in the absence of any alleged personal involvement by any defendant, plaintiff has not set forth a plausible Section 1983 claim against them. Thus, plaintiff's Section 1983 claims are not plausible and are thus dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

### III. The Domestic Relations Exception

Even if Plaintiff had alleged the personal involvement of each defendant, this Court could not adjudicate his claims challenging an underlying state court child support proceeding. The domestic relations exception to federal jurisdiction "'divests the federal courts of power to issue divorce, alimony and child custody decrees.'" *Stumpf v. Maywalt*, No. 21-CV-06248(EAW), 2022 WL 2062613, at *4 (W.D.N.Y. June 6, 2022) (quoting *Rabinowitz v. New York*, 329 F. Supp. 2d

373, 376 (E.D.N.Y. 2004) (citation omitted)). This exception also extends to child support determinations and the enforcement thereof. *See, e.g., Sorenson v. Suffolk Cnty. Child Support Enforcement Bureau*, 07-CV-03755(JFB)(AKT), 2009 WL 580426, at *6-7 (E.D.N.Y. Mar. 5, 2009) (finding plaintiff, who previously unsuccessfully sought to have child support "arrears vacated . . . in state court" cannot "utilize the federal courts to, in essence, challenge the existing judgment regarding child support arrears, or the County's enforcement of that judgment"); *McArthur v. Bell*, 788 F. Supp. 706, 709 (E.D.N.Y. 1992) (plaintiff's constitutional claims, which were directly related to an underlying child support determination, were barred by the domestic relations exception because "to decide the instant case, this Court would be forced to re-examine and re-interpret all the evidence brought before the state court in the domestic relations proceedings," which "is the role of the Appellate Division . . . not the role of this Court."). Thus, the domestic relations exception divests the Court of subject matter jurisdiction to adjudicate plaintiff's Section 1983 claims. Accordingly, they are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).[3]

## IV. Leave to Amend

The Second Circuit has held that "[d]istrict courts should generally not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but

---

[3] It also appears that plaintiff is challenging state court judgments rendered in April and May 2022, well before the complaint was filed in this Court on June 16, 2022. Thus, the *Rooker-Feldman* doctrine would also require this Court to decline plaintiff's invitation to review and reject those state court judgments. *Stumpf*, 2022 WL 2062613, at 4 n. 4 ("The *Rooker-Feldman* doctrine bars federal courts from exercising jurisdiction over claims brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (internal quotation marks omitted)); *Fernandez v. Turetsky*, No. 12-CV-4092 (SLT) (MDG), 2014 WL 5823116, at *4 (E.D.N.Y. Nov. 7, 2014), *aff'd*, 645 F. App'x 103 (2d Cir. 2016) ("Courts have repeatedly invoked the [*Rooker-Feldman*] doctrine in cases, like the one currently before the Court, in which plaintiffs challenge family court decrees setting child support arrears.") (collecting cases).

granting leave to amend is not necessary when it would be futile." *Lamb v. Cuomo*, 698 F. App'x 1, 2 (2d Cir. 2017) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Where a complaint has been dismissed for lack of subject matter jurisdiction, denial of leave to amend on the basis of futility may be appropriate. *Rahim v. Secretary, Establishment Div., Gov't of People's Republic of Bangl.*, 481 F. App'x 18, 19 (2d Cir.2012) (affirming district court's dismissal of *pro se* plaintiff's complaint without leave to amend where complaint was dismissed for lack of subject matter jurisdiction).

Here, leave to amend would be futile given that the domestic relations exception divests this Court of subject matter jurisdiction. Accordingly, leave to amend the complaint is denied.

## CONCLUSION

Based on the foregoing, plaintiff's application to proceed IFP is granted. The complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Leave to further amend the complaint is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to serve a copy of this order to plaintiff at his address of record and to note such service on the docket.

**SO ORDERED**.

/s/ Gary R. Brown

_____
**Hon. Gary R. Brown**
**United States District Judge**

Dated:   August 10, 2022
         Central Islip, New York

7